🖙 Texas & Pacific Railway Company v. C. D. Elliott.

Decided October 20, 1899.

**1. Juror—Relationship to Plaintiff's Wife Disqualifies.**

In a suit for damages by the husband, where the wife is not a party, but the damages recovered would be community property, one who has married the wife's niece and is thus related to the wife by affinity within the third degree, is under the statute disqualified from serving as a juror. Rev. Stats., art. 3141.

**2. Same—Attorney Not Negligent—New Trial.**

Defendant's motion for new trial, on the ground of the relationship of a juror to the plaintiff, discovered after the trial, was not bad for want of diligence in the matter on the part of its attorney where the juror, when the jury were being interrogated as to relationship, remained silent, thus inducing counsel to believe he was not disqualified.

**3. Railway Company—Agency—Conductor's Agreement Violating Rules.**

Where the time schedule and printed rules showed that a given train did not stop at a certain station, but the evidence showed that it did frequently stop there, the conductor's agreement with a passenger to put him off there was binding on the company.

**4. Same—Evidence in Rebuttal.**

On an issue as to plaintiff's right to have train No. 6 on which he was riding stopped at a given station, the defendant company having introduced its time tables showing that its trains Nos. 3, 4, and 6, did not stop there, plaintiff was entitled to show in rebuttal that trains 3 and 4 as well as 6 did frequently stop there.

Appeal from Bowie. Tried below before Hon. J. M. Talbot.

*W. T. Armistead,* for appellant.

*F. M. Ball* and *R. W. Rodgers,* for appellee.

BOOKHOUT, Associate Justice.—This is a suit instituted by the appellee, as plaintiff, against the appellant, as defendant, in the District Court of Bowie County, to recover damages for personal injuries sustained by plaintiff while a passenger upon one of defendant's trains. A trial resulted in a judgment for the plaintiff, from which judgment the defendant has prosecuted an appeal to this court.

We do not deem it necessary to discuss in detail the several assignments of error presented by the appellant. The only reversible error pointed out is embraced in appellant's seventh assignment, which reads: "The court erred in refusing to grant the defendant a new trial because the juror Allen was related to the plaintiff within the third degree, for that said Allen married Abe Read's daughter, and Abe Read is the father of the wife of said plaintiff." The affidavit attached to the motion for a new trial showed that the juror Allen was the husband of the niece of

the plaintiff's wife. The contention is, that he was an incompetent juror by reason of his relationship to plaintiff. This is not believed to be true so far as plaintiff is personally concerned. It is, however, true as to plaintiff's wife. As to her the juror was related by affinity within the third degree. The wife of plaintiff, it is true, is not a party of record. The suit was for damages sustained by her husband during the existence of his marriage relationship, and in the event of recovery the judgment became community property of the husband and wife. If the plaintiff failed to recover and was adjudged liable for costs, the same could be collected out of their community estate. The wife, under the facts, although not a party of record, was an interested party. Hodde v. Susan, 58 Texas, 392; Schultze v. McLeary, 73 Texas, 92; Railway v. Terrell, 69 Texas, 650.

The statute disqualifies "any person related by consanguinity or affinity within the third degree, to either party to the suit" from sitting as a juror in the same. Rev. Stats., art. 3141.

The juror Allen was questioned upon his voir dire as to his relationship to the party. He did not disclose relationship, but remained silent. The attorney for defendant believed, by his remaining silent, that the juror intended to answer that he was not related to either party. The fact of relationship between the juror and plaintiff's wife is made to appear by affidavit to the motion for a new trial, and further, that these facts first came to the knowledge of defendant's attorney after the trial. It clearly appears that defendant's attorney was not guilty of any negligence in failing to discover these facts. The motion presented good grounds for a new trial, and the court erred in refusing to grant the same. McGee v. Shaffer, 9 Texas, 24; Hanks v. State, 21 Texas, 526.

In view of the fact that this case will go back for another trial, we will notice in a general way the contention appellant raised by its third assignment of error. The railway company contends that the conductor of the train had no authority to contract with plaintiff to let him off at Sulphur Station, because such contract was in violation of the express rules of the company. The train upon which plaintiff was riding was what is known as defendant's No. 6, and called its "cannon ball." The defendant introduced its time table, which showed that neither train No. 6 nor trains Nos. 3 and 4 stopped at Sulphur Station. It was shown that Sulphur Station was a station upon defendant's road. The plaintiff introduced evidence tending to show that train No. 6 frequently stopped at Sulphur Station and let off passengers. In speaking of the power of the conductor of a train to make a contract to let off a passenger in violation of the rules of the company, Mr. Associate Justice Stayton, speaking for the Supreme Court, uses the following language: "What they frequently did in the course of the employment,—in the conduct of the business of the principal,—in so far as the traveling public is concerned, must be deemed to have been done in the exercise of power conferred by the principal, though in fact the principal may have forbidden the act." Hull v. Railway, 66 Texas, 629.

The conductor was in charge of the train and had the apparent authority to contract with the passenger to stop trains at Sulphur Station. There is testimony to show that he frequently did this. The plaintiff testified that he did not know that the train did not stop at Sulphur Station when he boarded it. He further testified that he paid the regular fare from Jefferson, the place where he boarded the train, to Sulphur Station.

The contention of appellant raised by its third assignment of error is not well taken. Nor was there error in admitting the testimony that trains Nos. 3 and 4 frequently stopped at Sulphur Station. The defendant had introduced its time table showing that trains 3, 4, and 6 did not stop at Sulphur Station. The plaintiff in rebuttal introduced evidence showing that this rule was frequently violated by the conductors of these trains. The evidence was admissible in rebuttal.

For the error pointed out, the judgment is reversed and the cause remanded.

*Reversed and remanded.*