SMITH et al. v. PUGET SOUND ELECTRIC RY.

(District Court, W. D. Washington, N. D. March 14, 1914.)

No. 2155.

New Trial (§ 42*)—Grounds—Deception by Juror as to Qualifications.

Where a juror on his examination testified that he voluntarily left the employ of a company under the same management as defendant, that he had another position, that he thought it was to his advantage to take the other position, and that everything was entirely friendly when he left the employ, an affidavit, alleging that he was discharged for failure to properly discharge his duties and did not resign voluntarily, but not alleging that the employer's dissatisfaction was imparted to him, did not show such intentional deception on his part as required a new trial, since unwillingness is not, necessarily, imputable to an employé who is discharged.

[Ed. Note.—For other cases, see New Trial, Cent. Dig. §§ 74–79; Dec. Dig. § 42.*]

At Law. Action by Anna E. Smith and husband against the Puget Sound Electric Railway. On petition by defendant for a new trial. Petition denied.

Edward Judd and O. E. Sauter, both of Seattle, Wash., for plaintiffs.

James B. Howe and Hugh A. Tait, both of Seattle, Wash., for defendant.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

CUSHMAN, District Judge. Defendant petitions for a new trial, among others, upon the ground of irregularity in the proceedings of the jury, by which it is alleged to have been prevented from having a fair trial.

The following occurred during the examination of one of the jurors:

"Q. (Mr. Tait) Mr. Gordon, did you ever engage in railroading in any way at all? A. I was engaged by the Seattle Electric Company as a conductor once.

"Q. How long ago was that? A. Three years ago.

"Q. How long did you work for the company? A. Three or four months.

"Q. Did you leave the company's employ voluntarily? A. Yes; I had another position.

"Q. You thought it was for your advantage to take the other position, which was a better position than that which you had as a conductor? A. Yes, sir.

"Q. So. that when you left the employ everything was entirely friendly? A. Yes.

"Q. Are you conscious of any unfriendly feeling towards the company now? A. No.

"Q. And you have no unfriendly feelings towards the Puget Sound Electric Railway? A. No, sir."

In an affidavit by the superintendent of transportation of the Seattle Electric Company, filed in support of the petition for a new trial, it is averred:

"That on the 17th day of May, 1909, P. C. Gordon was employed by said the Seattle Electric Company as a conductor upon its said street railway lines, and worked for said company as such conductor until the 3d day of June, 1909, on which last-mentioned day affiant discharged said P. C. Gordon as such conductor and from the employ of said company, for failure to properly discharge his duties; and that said Gordon did not voluntarily resign from the employ of said company, but was discharged therefrom by affiant, for the reason aforesaid."

Plaintiffs cite the following authorities: State v. Underwood, 35 Wash. 558, at 573, 77 Pac. 863; State of Wash. v. Antonio Moretti, 66 Wash. 537, 120 Pac. 102.

Defendant cites the following cases: Heasley v. Nichols, 38 Wash. 485, 80 Pac. 769; Gibney v. St. Louis T. Co., 204 Mo. 704, 103 S. W. 43–47; Johnson v. Tyler, 1 Ind. App. 387, 27 N. E. 643; State v. Lauth, 46 Or. 342, 80 Pac. 660–663, 114 Am. St. Rep. 873; Hyman v. Eames (C. C.) 41 Fed. 676; Fealy v. Bull, 11 App. Div. 468, 42 N. Y. Supp. 569; McGarry v. City of Buffalo, 24 N. Y. Supp. 16;[1] Pearcy v. Michigan M. L. Ins. Co., 111 Ind. 59, 12 N. E. 98, 60 Am. Rep. 673; Texas, etc., Ry. Co. v. Elliott, 22 Tex. Civ. App. 31, 54 S. W. 410; State v. Morgan, 23 Utah, 212, 64 Pac. 356; State v. Thompson, 24 Utah, 314, 67 Pac. 789; Tarpey v. Madsen, 26 Utah, 294, 73 Pac. 411.

The Stone & Webster Management Association operates both the defendant corporation and the Seattle Electric Company, which fact is generally known throughout this district. A juror prejudiced against one of these corporations might, not unreasonably, be expected to be

[1] Reported in full in the New York Supplement; reported as a memorandum decision without opinion in 70 Hun, 597.

prejudiced against the other, by reason of the common management. That this was realized upon the trial is not only shown by the examination of the juror by defendant's counsel, but by the fact that the examination was had without objection upon complainant's part.

The question remains whether intentional deception on the part of the juror, in the answers given by him, is clearly shown. The questions asked the juror were of a leading nature. When asked if he left the company's employ voluntarily, he said, "Yes," and volunteered, "I had another position." When asked if he thought it was to his advantage to take the position—assumed by the questioner to be a better one—the juror answered, "Yes."

Does the discharge of an employé plainly imply unwillingness, or dissatisfaction upon his part? When an employé is hired, it is voluntarily done on the part of both the employer and employed. When he is discharged, unwillingness is not, necessarily, to be imputed to him, any more than it would be imputed to the employer if an employé of his own initiative quits work. Dissatisfaction upon an employer's part is not implied from the discharge of an employé. Gwynn v. Hitchner, 67 N. J. Law, 654, 52 Atl. 997, 998. No reason appears why a different rule should obtain for the employé, especially where it appears he had another, or better position.

While it appears by the superintendent's affidavit that the discharge was because of dissatisfaction on the part of the employer, it does not appear that this fact was imparted to the employé; nor that the discharge was of such an instant and peremptory character as to prevent the juror from fairly saying that he quit the employ voluntarily.

In the cases cited by defendant, the misrepresentations, held to constitute misconduct, were of a certain and definite character, and not so largely conclusions as those alleged upon the present showing.

While giving full consideration to the other grounds of the petition, it is not deemed necessary to discuss them.

The petition for a new trial is denied.