SEABROOK et al. v. FIRST NAT. BANK OF PORT LAVACA. (No. 5350.)

(Court of Civil Appeals of Texas. San Antonio. Nov. 18, 1914. Rehearing Denied Dec. 9, 1914.)

1. JUDGES (§ 45*)—DISQUALIFICATION—RELATIONSHIP BY AFFINITY.

Where the wife of the district judge was a first cousin to the wife of one whom defendants were seeking to make a party, and a judgment against such person would affect the community rights of the cousin of the judge's wife, the judge was disqualified, being related to his wife's cousin by affinity, although not being related to her husband, whom defendants were desirous of making a party.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 208–212; Dec. Dig. § 45.*]

2. HUSBAND AND WIFE (§ 268*)—COMMUNITY INTEREST—NATURE OF.

A judgment recovered against a husband is a charge upon the community estate of the husband and wife, because within the spirit and intent of the Constitution and statutes she is a party to the suit.

[Ed. Note.—For other cases, see Husband and Wife, Cent. Dig. §§ 953–967; Dec. Dig. § 268.*]

3. JUDGES (§ 56*)—DISQUALIFICATION—RULINGS.

A disqualified judge cannot enter a decree or order agreed to by the parties, and any judgment rendered by him must be reversed.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 235–245; Dec. Dig. § 56.*]

4. JUDGES (§ 51*) — DISQUALIFICATION — OBJECTIONS—METHOD OF RAISING.

The question of the disqualification of the trial judge may be raised by a motion for new trial.

[Ed. Note.—For other cases, see Judges, Cent. Dig. §§ 224–231; Dec. Dig. § 51.*]

Appeal from District Court, Calhoun County; John M. Green, Judge.

Action by the First National Bank of Port Lavaca against L. Seabrook and another. From a judgment for plaintiff, defendants appeal. Reversed and remanded.

R. L. Daniel, of Victoria, for appellants. Wilson & Hamilton, of Port Lavaca, for appellee.

FLY, C. J. This is a suit by appellee against L. Seabrook and J. J. Randle on a promissory note for $1,500, executed by appellants, and payable to appellee on demand, bearing 10 per cent. interest from date and 10 per cent. attorney's fees. Appellants answered that the execution of the note grew out of a transaction between them and W. C. Noble and Willett Wilson in connection with the purchase, development, and sale of properties which were certain additions to the town of Port Lavaca; that their

agreement with Noble and Wilson, for themselves and as officers of the bank, was that the proceeds from the sale of lots should be deposited in the bank in the name of J. J. Randle, and that all vendor lien notes and other securities should be deposited in the same way, and that the first money received from the sale of lots should be applied to the payment of the note sued on; that large sums of money and securities realized from the sale of lots had been deposited in the bank, and the latter had in its possession more than sufficient funds to pay off the note, and, if such funds were not in the bank, they had been appropriated by Noble and Wilson, and it was prayed that they be made parties. Appellee filed a general demurrer and 33 special demurrers to the answer, which were sustained, and judgment rendered in favor of appellee for the amount of the note, interest, and attorney's fees.

[1, 2] On motion for a new trial, appellants assailed the judgment of the court on the ground of disqualification of the judge. The judge testified:

"I am the district judge of the Twenty-Fourth judicial district, before whom the cause of First National Bank of Port Lavaca v. L. Seabrook and J. J. Randle (No. 1707) was tried. My wife and the wife of W. C. Noble, whom the defendants seek to make a party to said cause, are first cousins."

In other words, the wife of the district judge and Mrs. Noble are related to each other within the third degree, and if Mrs. Noble's interest in the community estate of herself and husband would be affected by a judgment against him, even to the extent of costs, the trial judge was disqualified. Her interest in any community property would undoubtedly be affected by a judgment against her husband. Schultze v. McLeary, 73 Tex. 92, 11 S. W. 924; Duncan v. Herder, 57 Tex. Civ. App. 542, 122 S. W. 904; Jirou v. Jirou, 136 S. W. 493. In the case of Duncan v. Herder the Court of Civil Appeals declined to follow the case of Winston v. Masterson, 87 Tex. 200, 27 S. W. 768, and a writ was refused by the Supreme Court. The Winston-Masterson Case seems to be in conflict with other opinions of the Supreme Court on the same subject.

Noble was not related to the district judge by affinity. Speaking on this subject, the Supreme Court held, in the cited case of Schultze v. McLeary, that the trial judge was not related by affinity to the husband of his wife's sister in any degree. It was also held in the Ohio case of Chinn v. State, 47 Ohio St. 575, 26 N. E. 986, 11 L. R. A. 630:

"Affinity is that tie which arises in consequence of marriage betwixt one of the married pair and the blood relations of the other; and the rule of computing its degrees is that the relations of the husband stand in the same degree of affinity to the wife in which they are related to the husband by consanguinity, which rule holds also e converso, in the case of the wife's relations. Thus, where one is brother by blood to the wife, he is brother-in-law, or by affinity, to the husband. But there is no affinity between the husband's brother and the wife's sister, which is called by the doctors affinitas affinitatis, because then the connection is formed, not between one of the spouses and the kinsmen of the other, but between the kinsmen of both."

While it is true that the trial judge was not related by affinity to Noble, whom appellants sought to make a party to the suit, he was related within the third degree by affinity to Mrs. Noble, and if her interests would have been affected in any way, even to the extent of costs, by a judgment against Noble, then the judge would be disqualified to pass on the question of making Noble a party to the suit. Her interest would be affected by any judgment obtained by appellants against Noble, as it would be a charge upon the community property of Noble and wife, because she, within the spirit and intent of the Constitution and the statute, would be a party to the suit. Jordan v. Moore, 65 Tex. 363; Schultze v. McLeary, herein cited; Railway v. Elliott, 22 Tex. Civ. App. 31, 54 S. W. 410.

[3, 4] It was undoubtedly a ruling on the interests of Noble, when the court sustained the exceptions to the answer wherein it was sought to make him a party, and this court has no authority to inquire into the propriety or impropriety of the ruling. The court may have ruled correctly, but disqualification of the judge is not tested by the correctness of his rulings. It has been held that a disqualified judge cannot even enter a decree or order agreed to by all parties. Jouett v. Gunn, 13 Tex. Civ. App. 84, 35 S. W. 194. The question of disqualification could be raised on motion for new trial. Railway v. Looney, 42 Tex. Civ. App. 234.

The judgment is reversed, and the cause remanded.