We answer question No. 3 in the negative.

────────────

**RHOADES v. EL PASO & S. W. RY. CO.
et al. (No. 398–3735.)**

(Commission of Appeals of Texas. Section A. March 14, 1923.)

New trial ⊜⇒42(2)—Jurors in personal injury case held to exhibit bias and prejudice, depriving plaintiff of impartial trial by jury.

Where, in a personal injury case against a railroad company, it appeared that a juror stated to the others that the lawyers usually got half of the recovery, and that the case was worked up by them, and that another juror stated that one of the attorneys in the case had gotten all of the recovery in another case, *held* that such bias and prejudice against plaintiff was exhibited as to disqualify such jurors from sitting in the case, plaintiff being deprived of his right to trial before a fair and impartial jury, as guaranteed by Const. art. 1, § 15, and Rev. St. art. 5117, disqualifying a juror for bias or prejudice; the court being given discretion to grant a new trial, under article 2021.

Error to Court of Civil Appeals of Seventh Supreme Judicial District.

Action by John M. Rhoades against the El Paso & Southwestern Railway Company and another. Judgment for defendants was affirmed by the Court of Civil Appeals, and plaintiff brings error. Reversed and remanded in accordance with the recommendation of the Commission of Appeals.

K. K. Scott, of Albuquerque, N. M., and R. R. Hazelwood, of Amarillo, for plaintiff in error.

W. A. Hawkins, of El Paso, C. E. Gustavus, of Amarillo, and N. H. Lasseter, of Fort Worth, for defendants in error.

GALLAGHER, P. J. Plaintiff in error, John M. Rhoades, brought this suit against the El Paso & Southwestern Railway Company and the Chicago, Rock Island & Gulf Railway Company to recover damages for personal injuries. The parties will be designated as in the trial court.

The case was tried before a jury on special issues. Upon the answers returned by the jury to the issues so submitted the court rendered judgment for the defendants. The plaintiff appealed. The Court of Civil Appeals affirmed the judgment. The Supreme Court granted a writ of error on application of the plaintiff.

Plaintiff filed in the trial court a motion to set aside the verdict of the jury and the judgment rendered thereon by the court and for a new trial on the ground that the jury, or certain members thereof, were biased and prejudiced against him, and that he was thereby deprived of a fair and impartial trial of his case. The court overruled said motion, and such action was assigned as error by the plaintiff in the Court of Civil Appeals. That court overruled said assignment, and its action in doing so is presented by proper specification of error in plaintiff's application for the writ.

Plaintiff's bill of exceptions shows that at the time the jury was impaneled each juror on the panel was asked by plaintiff's counsel if there was in his mind or heart any reason why, if chosen as a juror, he could not and would not give the plaintiff a fair and impartial trial, and that each ju-

ror on the panel answered that there was not; that each juror on the panel was asked if in event he was chosen as a juror in the case he would give the plaintiff such fair and impartial trial after hearing the evidence, receiving the charge of the court, and hearing the argument of counsel, and that each juror on the panel answered in the affirmative; that the plaintiff relied on said answers in selecting from the panel the jurors who tried the case, and did not believe that any of them had any bias or prejudice against him or his case.

One of the special issues submitted was, "What amount has plaintiff been damaged?" To this question the jury answered, "$1,000.00. Plaintiff attached to his motion an affidavit, signed and sworn to by two of the jurors, which affidavit stated in substance that the deliberation and discussion in the jury room lasted six or eight hours; that a difference of opinion existed as to the answer which should be returned to said special issue, some of the jurors insisting on as high as "$10,000.00" as an answer thereto; that during the discussion Mr. Staggs, one of the jurors, stated to other jurors:

"That lawyers had a way, when they heard of an injury, to go and take the case on a contingent fee for one-half of what was recovered, and would not settle with the claim agent of the company, but would file suit in the courts; that if they allowed plaintiff anything in this case the lawyers would get half of it, and that he did not want them to have anything; that he wanted to stop that sort of business."

Said affidavit showed that said Staggs, during the discussion in the jury room, also stated to other jurors "that this case was worked up by the lawyers in the case."

Said affidavit further showed that during the discussion in the jury room Mr. Aten, one of the jurors, stated to other jurors:

"That one of the attorneys in this case brought a suit in the federal court at Amarillo against a citizen of Adrian where said juror lived, and recovered $10,500, and that the lawyer got most or all of the judgment."

Eleven members of the jury who tried the case testified on the hearing of said motion. The substance of the affidavit was supported by the testimony of the signers thereto, and one or more other members of the jury. At least one of the jurors stated that he was influenced by said statements and did not reach a verdict solely on the testimony in the case, and that this applied to the answers to several of the issues submitted. The juror Staggs testified on the hearing, and admitted part of the statements attributed to him. He did not deny any of said statements, except that he claimed he did not specify any particular lawyer nor say that such things were done in this case. He denied having any personal ill will against the plaintiff,

but did not deny that he was opposed to parties prosecuting damage suits on contingent fees, and desired to stop the practice, nor that he was actuated by such purpose in saying what he did in the jury room in the consideration of this case.

The juror Aten was examined as a witness on said hearing, and admitted that other suits were discussed in the jury room. He did not admit the language attributed to him, neither did he deny the same, but claimed a lapse of memory. He also testified that he had no ill will toward either the plaintiff or his attorney.

The Court of Civil Appeals refused to pass upon the issue raised by said assignment. While holding that the evidence above set out tended strongly to show that the jurors Staggs and Aten were prejudiced against plaintiff's case, there being no statement of facts brought up in the record, that court further held that they were unable to say that plaintiff suffered any injury as a result of such prejudice.

The bill of rights embraced in our state Constitution declares that the right of trial by jury shall remain inviolate, and it further provides that the Legislature shall pass such laws as may be needed to regulate the same and maintain its purity and efficiency. Const. art. 1, § 15.

The Legislature of this state in the performance of the duty so enjoined upon it has enacted certain laws concerning the qualifications of jurors with reference to their service as such in any case, and with reference to their service in particular cases, and prescribing the procedure when a jury has been guilty of improper conduct while serving as such, which in the opinion of the court materially affected their verdict. R. S. arts. 5115, 5117, 2021.

Our courts have held that the mere fact that a juror who served in a case and joined in returning a verdict therein did not possess all the qualifications prescribed for jurors generally by article 5115 will not be considered sufficient cause for new trial, in the absence of a showing that probable injury resulted to the party complaining by reason of the fact that such juror served in the case. Schuster v. LaLonde, 57 Tex. 28, 30; Leeper v. State, 29 Tex. App. 63, 14 S. W. 398, 399.

Among the reasons which disqualify a juror in a particular case under the provisions of article 5117 is the fact that such juror has a bias or prejudice in favor of or against either of the parties to the suit. In such cases it is not necessary that the disqualifying bias or prejudice shall relate solely to the party personally, but it may also relate to such party's case as presented for trial before the jury. Couts v. Neer, 70 Tex. 468, 473, 9 S. W. 40.

If a juror, when tested on his voir dire concerning his qualifications to sit on the

jury in a particular case, denies the existence of any bias or prejudice in his mind in favor of or against either party to the suit, and is accepted as a juror on such statement according to the great weight of authority when such bias or prejudice does exist, the party against whom the same exists can complain of the same as a ground for setting aside the verdict. He is not required to show that such bias or prejudice caused or contributed to cause the return of an unjust verdict in his case. It is sufficient that he, without his fault, has been deprived of the constitutional and statutory guaranty of a trial of his case before a fair and impartial jury. It is immaterial in such cases whether a regular statement of facts is found in the record or not. Henrie v. State, 41 Tex. 573, 579, 580; Couts v. Neer, supra; Makey v. Dryden (Tex. Civ. App.) 128 S. W. 633, 635, 636 (writ refused): Kansas City Life Ins. Co. v. Elmore (Tex. Civ. App.) 226 S. W. 709, 714, 715; G., C. & S. F. Ry. Co. v. Dickens, 54 Tex. Civ. App. 637, 118 S. W. 612, 614, 615; T. & P. Ry. Co. v. Elliott, 22 Tex. Civ. App. 31, 54 S. W. 410; Hanks v. State, 21 Tex. 526; Long v. State, 32 Tex. Cr. R. 140, 22 S. W. 409; Hughes v. State (Tex. Cr. App.) 60 S. W. 562, 563, 566; Heasley v. Nichols, 38 Wash. 485, 80 Pac. 769; Gibney v. St. Louis Transit Co., 204 Mo. 704, 103 S. W. 43; West Chicago Street R. Co. v. Huhnke, 82 Ill. App. 404; French v. Smith, 4 Vt. 363, 24 Am. Dec. 616, 619; Birmingham Railway Light & Power Co. v. Drennan, 175 Ala. 338, 57 South. 876, Ann. Cas. 1914C, 1037.

The statute concerning improper conduct on the part of a jury provides that, if it is charged in a motion for new trial that improper communications were made to such jury, or that they received other testimony, the court shall hear evidence thereon, and if such charge is established and the communication so made or the testimony so received was material, a new trial may, in the discretion of the court, be granted. Article 2021, supra. Such discretion is, however, subject to review if it clearly appears that the rights of the parties have been disregarded. If the evidence taken on the hearing of a motion for new trial, based on such ground, leaves it reasonably doubtful whether statements of fact improperly made before the jury affected the verdict, the Supreme Court has authority to set such verdict and the judgment rendered thereon aside. H. & T. C. Ry. Co. v. Gray, 105 Tex. 42, 43, 143 S. W. 606; Hines v. Parry (Tex. Com. App.) 238 S. W. 886.

There is no contention that any of the jurors in this case were not qualified generally to sit upon a jury. The record shows affirmatively that they were examined on their voir dire before they were accepted as jurors in this case, and that each of them denied the existence of any bias or prejudice, and that plaintiff relied on such denial. The evidence shows, we think, without dispute that the juror Staggs, and possibly the juror Aten, had such bias or prejudice against the plaintiff, or against his cause, as to disqualify him or them to sit as jurors in this case, and that on account thereof the plaintiff has not had a trial of his cause before a fair and impartial jury, as guaranteed by the Constitution and laws of this state. The evidence also shows without dispute that the improper statements made by said jurors in the jury room influenced at least one other juror in agreeing to the answers returned by the jury to one or more of the issues submitted. Since one or more of the jurors trying this case had such bias or prejudice as to disqualify, it is immaterial that such bias or prejudice was manifested in the discussion of the amount of damages to be allowed. It is true the amount of damages allowed plaintiff was wholly immaterial, because he was precluded from a recovery by reason of the findings of the jury on other issues submitted. But the fact remains that bias or prejudice existed, and it did not devolve on plaintiff to show affirmatively that he suffered injury as a result thereof. Our recommendation in this case is predicated on the existence of such disqualification. This being the case, it is not necessary to decide whether the misconduct of the jury in this particular case can be reviewed in the absence of a statement of facts, nor whether the trial court abused his discretion in refusing a new trial on that ground.

We recommend that the judgments of the district court and Court of Civil Appeals be reversed, and the cause be remanded to the district court for another trial.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court.

We approve the holding of the Commission of Appeals on the question discussed in its opinion.