GEORGE BURGE v. THE STATE.

No. 13970.   Delivered February 18, 1931.

The opinion states the case.

· *David E. O'Fiel,* of Beaumont, and *Jno. A. Veillon,* of Poit Arthur, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—The unlawful sale of intoxicating liquor is the offense; punishment fixed at confinement in the penitentiary for one and one-half years.

The evidence that the appellant sold intoxicating liquor to Buddie Hamilton was proved without controversy.

It appears from bill of exception No. 1 that after witnessing the sale of the whisky to Buddie Hamilton, the officers (Daniels and Gardner) procured a search warrant and searched the house of the appellant and discovered therein a quantity of intoxicating liquor. The reception of this evidence was opposed upon the ground that it was proving another and different offense. The testimony showing the alleged sales of whisky taking place on the same day as the search of the appellant's premises was so closely connected with the transaction on which the prosecution is based as not to come within the rule excluding evidence of other offenses. The evidence was admissible as tending to prove that the whisky found in the appellant's house was possessed by him for sale.

It appears from the evidence that Buddie Hamilton and Jerry Hamilton were in jail; that while in custody of the sheriff and his deputies, Gardner and Daniels, they were taken to the home of the appellant, and while Gardner and Daniels were concealed the purchase of the whisky was made by Buddie Hamilton, the sheriff and his deputy being near enough to observe and hear the transaction. After purchasing the whisky Buddie Hamilton delivered it to the sheriff. Both the sheriff and his deputy testified upon the trial and identified the whisky, and corroborated Hamilton touching the incidents of the purchase.

From bill of exception No. 2, it appears that out of the regular panel nine jurors were selected and that the sheriff and his deputy were instructed to summon twelve talesmen. From the bill it appears that thereupon the defendant objected upon the ground that the sheriff and his deputy were material witnesses for the State and had been active in the transaction and were therefore prejudiced against the accused. Exception was reserved to the action of the court in overruling the objection. The talesmen were brought into court and examined. It appears that Carl Daniels, one of the talesmen, was a brother of Jim Daniels, the deputy sheriff. The appellant had previously exhausted his peremptory challenges and sought to have Carl Daniels excused from the list for the reason that because of his relationship to his brother, who was a

material witnesses and interested in the prosecution, which disqualified him from becoming an impartial juror. The objection was overruled and Carl Daniels, whose name was near the top of the list, was called as a juror to try the case against the appellant. Torrans v. State, 98 Texas Crim. Rep., 298, 265 S. W., 560, and Villareal v. State, 80 Texas Crim. Rep., 133, 189 S. W., 150, cited by appellant, while refusing to sustain a similar point, do so on the ground of lack of diligence in asserting it, and intimate that on proper presentation it might be erroneous.

Forcing the appellant to try his case before a juryman who was a brother of one of the principal witnesses in the case against the protest of the appellant and at a time when his peremptory challenges were exhausted, had the effect, in the opinion of the writer, of depriving the appellant of a trial before an impartial jury.

Among the cases which in principle declare that a juror was not impartial and that in a felony case one out of the twelve jurors being forced upon the accused without his fault vitiates the verdict, is Randle v. State, 34 Texas Crim. Rep., 43, 28 S. W., 953 (See remarks of Presiding Judge Davidson, 34 Texas Crim. Rep., page 62, 28 S. W., 953. See also Duncan v. State, 79 Texas Crim. Rep., 206, 184 S. W., 195). In Sorrel v. State, 74 Texas Crim. Rep., 505, 169 S. W., 299, it was said: "One improper juror destroys the integrity of the verdict."

In Steagald v. State, 22 Texas Crim. App., 454, 3 S. W., 771; Massey v. State, 31 Texas Crim. Rep., 371, 20 S. W., 758, it was held that "impartial means not partial; not favoring one party more than another, unprejudiced, disinterested, equitable, just."

The brother of the principal witness in the present case could not be impartial. It is a case in which the brother of the juror had been an actor in bringing about the commission of an offense by sending to buy whisky from the appellant one who was in custody of the law and who, standing by, witnessed the offense. Over the objection of the appellant the witness was commissioned to bring talesmen into court and selected among the talesmen his own brother. Though qualifying on his voir dire the brother of the principal witness obviously could not impartially weigh the testimony of his kinsman against that of others. The trial of a citizen for his liberty involves not only the interest of the accused but the interest of the State. and no precedent should be made which would impinge upon the demands of the Constitution that a binding verdict shall be by an impartial jury.

In the opinion of the writer, the trial court should not have allowed the brother of the principal witness to become a trier of the accused, and for that reason the judgment should be reversed and the cause remanded.

*Reversed and remanded.*