## STEPHENS v. SMITH.

### No. 2778.

Court of Civil Appeals of Texas. Waco.

Jan. 22, 1948.

Rehearing Denied March 4, 1948.

Allison & Burkett, of Kerrville, and Morriss, Morriss & Boatwright, of San Antonio, for appellant.

Goeth, Webb & Goeth and Woodville J. Rogers, all of San Antonio, for appellee.

HALE, Justice.

This is a damage suit. Appellant's cedar yard, located adjacent to a ranch owned by appellee, was destroyed by fire on July 19, 1946. The ranch was being operated for appellee by Houston Schumacher. On the above date two sons of Schumacher, acting upon instructions of their father, burned a dead deer in appellee's pasture at a point in the vicinity of the cedar yard. Appellant sued appellee for damages, alleging in substance that the fire set by the Schumacher boys for the purpose of burning the deer spread to and resulted in the destruction of his cedar yard; that the conduct of the Schumacher boys in setting the fire and in failing to prevent the same from spreading to his cedar yard constituted negligence and a proximate cause of his loss.

The case was tried before a jury. In response to special issues the jury found that (1) the fire set by the Schumacher boys for the purpose of burning the dead deer did not spread to and result in the destruction of appellant's cedar yard; (2) the failure, if any, of the Schumacher boys to prevent the fire set by them from spreading to appellant's cedar yard, if it did so, was not negligence; (3) the setting of the fire by the Schumacher boys for the purpose of burning the dead deer, at the time

and place and under all the circumstances then existing, was not negligence; (4) the destruction of the cedar yard by fire was the result of an unavoidable accident; and (5) the reasonable market value of the cedar in appellant's yard before it was burned was $4850. Upon the verdict of the jury the court rendered judgment that appellant take nothing. Appellant seasonably filed and presented his motion for new trial upon grounds duly raising the points of error upon which his appeal is predicated.

The first four points in appellant's brief present the contention that each of the first four findings of the jury above referred to was against the great preponderance of the evidence. The 5th and 6th points assert error on the part of the trial court in refusing appellant's challenge for cause to jurors Herman Sublett and E. L. Stewart, respectively. The 7th, 8th and 9th points each present the contention that the case should be reversed because of improper arguments of appellee's counsel to the jury.

On the voir dire examination of the jury panel it was shown without dispute that Herman Sublett, a member of the jury panel, was related within the third degree to Houston Schumacher, he being a first cousin of Schumacher's parent, and that Schumacher was operating the ranch of appellee at all times material to this suit under the terms of a written instrument dated June 1, 1946, designated as a "Partnership Agreement for Operational Purposes." By the terms of such written agreement it was provided in substance that appellee's ranch would be operated by Schumacher as Manager and that appellee would receive 80% and Schumacher would receive 20% of the net profits arising from the joint enterprise. Appellant timely challenged Sublett for cause as a prospective juror in the case upon the ground of his relationship to Schumacher as a partner and interested with appellee in the operation of the latter's ranch. The bill of exception reflecting the foregoing facts discloses without any qualification that "The court overruled said objections and the challenge, to which ruling plaintiff duly excepted, and thereafter plaintiff was re-

quired to exercise his peremptory challenge on said member of the jury panel using and exhausting all six of his challenges allowed by law, among others challenging said Sublett, and urged his right to another challenge, duly showing to the court that he desired further challenges in that there were other objectionable jurors whom he desired to challenge, viz., D. P. Braden, Mabry Ingram and Willard Bellott, but was unable to do so on account of exhausting his peremptory challenges. But the court nevertheless adhered to said ruling and said jurors last named were jurors on trial of the case."

We think the trial court erred in overruling and refusing to sustain appellant's challenge for cause directed against the prospective juror, Sublett. Art. 2134 of Vernon's Tex.Civ.Stats. provides in effect that any person who is interested, directly or indirectly, in the subject matter of a suit, or who is related within the third degree to either of the parties to a suit, or who has a bias or prejudice in favor of or against either of the parties, shall be disqualified to serve as a juror. These statutory disqualifications are but declaratory of the common law, and they should be liberally construed to the end that fair, unbiased and impartial jurors be selected. Houston & T. C. R. Co. v. Smith, Tex.Civ. App., 51 S.W. 506, error denied; Preston v. Ohio Oil Co., Tex.Civ.App., 121 S.W.2d 1039, error refused. Although Schumacher was not technically a party to this suit, his financial interest in the outcome of the same was such, in our opinion, as to disqualify his second cousin from being a proper juror within the meaning and contemplation of the law. American Jur. Vol. 31, p. 662, Sec. 137; Zarate v. Villareal, Tex.Civ.App., 155 S.W. 328, Point 11, error denied; Texas & P. R. Co. v. Elliott, 22 Tex.Civ.App. 31, 54 S.W. 410.

On voir dire examination of the jury panel, E. L. Stewart, a member of the panel, testified without dispute that he was at that time employed by appellee in doing some work on the latter's ranch where the alleged negligence in this case occurred. Thereupon appellant challenged the prospective juror for cause, on the ground of

his connection with and employment by appellee. The bill of exception reflecting the foregoing facts discloses that the court overruled said objections and challenge, and appellant excepted thereto, and was thereby impelled to exercise one of his peremptory challenges against the prospective juror, Stewart, with the result that he was required to accept three other objectionable jurors because of having exhausted his six peremptory challenges. In our opinion the trial court erred in overruling and refusing to sustain appellant's challenge for cause directed against the prospective juror, Stewart. American Jur. Vol. 31, p. 679, Sec. 168; 50 C.J.S., Juries, § 221a(2); Preston v. Ohio Oil Co. Tex.Civ.App., 121 S.W.2d 1039, error refused.

The record discloses that while one of the attorneys for appellee was arguing this case to the jury he stated, in substance, that although attorneys are always partisan in trying to develop matters in the light most favorable to their clients, "there was one thing that he would not do which one of the attorneys for plaintiff did (and turning to and indicating * * *, one of the attorneys for plaintiff as being the attorney referred to), and that was to deliberately plant a lie in the mouth of a witness, particularly in the mouth of a minor." Counsel for appellant immediately objected to such argument and moved that the same be withdrawn and excluded, and that the jury be instructed not to consider the same on the ground that such argument was improper, inflammatory and prejudicial and was not warranted by the record, and was an improper criticism of counsel for appellant; but such objection and motion was overruled by the court and to which appellant excepted. Thereafter, in the course of his argument, counsel for appellee repeated to the jury that he would not have deliberately attempted to plant a lie in the mouth of the minor witness as the attorney for appellant had done, and thereupon counsel for appellant repeated his objections to such argument and moved the court to exclude the same from the jury upon the grounds next above set forth; but the court again overruled such objections and motion and counsel for appellant duly excepted.

The minor witness referred to in the foregoing argument and objections was Houston Schumacher, Jr., who was 19 years of age, he being one of the boys who set the fire in appellee's pasture for the purpose of burning the dead deer. He was introduced as a witness on behalf of appellee. On cross examination counsel for appellant propounded to him a number of leading questions, some of which he denied. In his brief appellee says the argument objected to was properly deducible from the conduct of counsel for appellant in propounding to the witness such leading questions. We cannot agree with this contention. We find no evidence or circumstance shown by the record which, in our opinion, would raise or support an inference that counsel for appellant deliberately attempted, either by cross examination or otherwise, to plant a lie in the mouth of any witness in this case. Therefore, we think the court should have promptly sustained the timely objections interposed to this serious charge against counsel for appellant and should have instructed the jury not to consider the same for any purpose, and that his failure and refusal so to do, under the entire record before us, constituted prejudicial error. Rule 269, Texas Rules of Civil Procedure; Tex.Jur. Vol. 41, p. 786, Sec. 67; Morrison v. Smith, Tex.Civ.App., 138 S.W.2d 280; Texas Indemnity Ins. Co. v. McCurry, Tex.Com.App., 41 S.W.2d 215, 78 A.L.R. 760; Price v. Pelton, Tex.Civ. App., 199 S.W.2d 249.

From what has been said, it follows that we must sustain appellant's 5th, 6th and 7th points of error. Since such action on our part requires a reversal of the judgment appealed from, we do not deem it necessary to discuss or pass upon any of the other points upon which the appeal is predicated.

Because of the errors herein discussed, the judgment of the court below is reversed and the cause is remanded for another trial.