Opinion delivered April 13, 1888.

---

No. 5903.

### J. R. COUTS ET AL. *v.* N. C. NEER.

1. CONTINUANCE.—A party to a suit can not reject a continuance offered on terms imposed by the court, and take the chances of a verdict in his favor, and then ask a revision of the ruling of the court on the merits of his motion if the judgment be against him. If, however, the judgment be in his favor, after a final hearing had after a continuance granted on terms, if the question be properly raised, on appeal the ruling imposing costs as a condition of continuance it may be reversed.

2. CHALLENGE.—Construing articles 3080 and 3011, Revised Statutes, *held*, that the trial court may allow the challenge of a juror for cause on other grounds than those which the statute declares shall render him disqualified in the particular case. This power is discretional, and

when exercised it will not be reversed unless it has resulted in preventing a fair and impartial trial.

3. DEPOSITIONS—EVIDENCE.—The refusal of the court to permit the answer of a witness to be read, whose answers to the same effect are already in evidence, will not afford ground for reversal.

APPEAL from Parker. Tried below before the Hon. R. E. Beckham.

About the second of June, 1884, on a very rainy and stormy night, a certain stone wall in course of erection in the town of Weatherford fell upon an adjacent brick building occupied at the time by appellee, as a drug store, and by its fall the contents of said drug store, consisting of patent and other medicines, and various drugs, were greatly damaged. The stone wall was part of a large stone building then in process of construction, under the supervision of appellant R. W. Kindel, for appellant J. R. Couts.

Appellee brought this suit against appellants in the district court of Parker county, for damages resulting from the falling of the wall and the destruction of drugs and medicines, alleging that the falling of the wall was caused by the negligence of appellants; various acts of negligence and defects in its construction being alleged. Appellants pleaded general denial, and alleged an unusual, extraordinary and violent rain storm as the cause of the fall. At the February term, 1885, of the district court, appellants sought to continue, and presented their second and amended application for continuance, which being overruled the cause was tried, and resulted in a verdict for appellee in the sum of nineteen hundred dollars.

The court charged: "The jury are instructed that if they believe from the evidence that the defendant, J. R. Couts, did employ the defendant, R. W. Kindel, to superintend the construction of the wall alleged to have fallen, and shall further find that said defendants, or either of them, or their employes, negligently failed to construct said wall in a skillful and workman like manner, and shall further find that by reason of the negligence of said defendants, or their employes, said wall was unskillfully constructed, and that by reason of such want of proper care and skill said wall fell upon the house adjoining and occupied by the plaintiff, and that plaintiff's goods were destroyed or damaged, then you should find for the plaintiff such an amount of damages as would compensate him for the

injury so sustained. You are further instructed that it was the duty of defendants to employ careful and competent employes for the construction of said work, and if you believe that said work was negligently and carelessly done by defendants' agents or employes, and that by reason of such negligence the wall failed to stand, and that the plaintiff was thereby injured, you should find for the plaintiff. You are further instructed that the defendants and their employes were bound to use such care and skill in the construction of said wall and placing said truss as persons of ordinary prudence would exercise under the same circumstances and surroundings, and if you find that the defendants did exercise such care and skill, and that said wall was thrown down and caused to fall by reason of an entraordinary rain storm, such as could not have been anticipated, and by reasonable care guarded against, then you should find for the defendants. If you believe from the evidence the falling of said wall was caused, in part, by the want of such care and skill in its construction as persons of ordinary prudence would exercise under the circumstances, then you should find for the plaintiff, notwithstanding you may believe that the fall was partly caused by the rain and wind. Unless you shall believe from the evidence that the defendants or their employes failed to use that care and skill in the construction of said wall, or in placing said truss, and further that the fall of said wall was in some manner caused by such want of care or skill, and that the plaintiff was thereby injured, then you should find for the defendants. You are further instructed that unless you believe that the fall of said wall was caused by the want of proper care and skill on the part of defendants or their employes, then you should find for defendants, notwithstanding you may believe that the alleged work was unskillfully done. The burden is upon the plaintiff to prove negligence on the part of defendants by a preponderance of testimony. You are the exclusive judges of the credibility of the witnesses, and of the weight to be given their testimony. If, under the foregoing instructions and the evidence, you should find for the plaintiff, you are instructed that the measure of damage would be the value of such goods as were destroyed (if any were destroyed), and the difference in value of the goods damaged (if any) before said injury, and their value after the injury, with interest on such amounts, at eight per cent per annum from the date of such injury."

*Hood, Lanham & Stephens*, for appellants: Appellant was entitled to a continuance, without terms, Revised Statutes, article 1278; Chilson v. Reeves, 29 Texas, 275; Prewitt v. Everett, 10 Texas, 283; Goodson v. Johnson, 35 Texas, 622; Payne v. Cox, 13 Texas, 480; Burton v. Power, 4 Texas, 380; Ninnon v. The State, 17 Texas Court of Appeals, 659.

Negligence being the gist of the action, and the burden being on plaintiff below to establish both negligence and that the wall in question fell in consequence of such negligence, the jury should have been instructed as to the meaning of negligence, as well as to the burden of proof, especially when so requested. (Railway v. Fowler, 56 Texas, 459, 460; 15 Wallace, 537–539; Abbott's Trial Evidence, 582; 20 American Reports, 394; 10 American Reports, 632.)

The main issue presented by defendant's answer was that the wall fell in consequence of an unusual rain storm, and hence the law as requested by defendants on this subject, to the effect that though said wall may not have been properly constructed, still if the same fell in consequence of such storm, and not of negligence, defendants would not be liable, should have been given. (Railway v. Oram, 49 Texas, 341; Railway v. Halloren, 53 Texas, 46; Railway v. Parker, 50 Texas, 344; Abbott's Trial Evidence, 501; 56 Texas, 458.)

The court erred in its charge to the jury in this, the court erroneously charged the jury, "you are further instructed that it was the duty of the defendant to employ careful and competent employes for the construction of said work," meaning by the word work the wall that fell and originated this suit, for that said part of the court's charge was calculated to mislead and did mislead the jury to the prejudice of defendants. (Railway v. Gilmore, 62 Texas, 391; Railway v. Wilson, 60 Texas, 142; Railway v. Miller, 51 Texas, 275, 276; Railway v. Murphy, 46 Texas, 356.)

*John T. Harcourt*, for appellee: There was no error in refusing the charges asked by appellants. The charge given by the court submitted the law on the issues, to the jury, fully and fairly for appellants, and they have no ground of complaint. (Gorham v. Gross, 125 Mass., 232; 28 American Rep., 224; Mullen v. St. John, 57 N. Y., 567; 15 American Rep., 530; Sessingut v. Posey, 67 Indiana, 408; 33 American Rep., 98.)

Public policy requires, and the law imposes the duty upon

every citizen, to so use his property as to prevent injury to others. The defendants were unskilled and inexperienced, and intrusted the work to others. (Gorham v. Gross, 125 Mass., 232; Sturges Theological Education Society, 130 Mass., 414; Sessingut v. Posey, 67 Ind., 408; Wood's Master and Servant, 903; Story on Agency, sec. 452.)

STAYTON, CHIEF JUSTICE. This action was brought by the appellee to recover damages on account of an injury alleged to have resulted from the falling of a stone wall, in course of construction by the appellants, contiguous to the wall of the house in which appellee was doing business. It was claimed on the one side that the wall was defectively constructed, and that this was attributable to the negligence of appellants, and the cause of the injury; while on the other it was contended that the wall was skillfully and carefully constructed, and was thrown down by an unprecedentedly severe wind and rain.

A second application for a continuance was made by the appellants, which the court announced was not sufficient because sufficient diligence to procure the attendance or testimony of the witnesses was not shown. The court, however, notwithstanding this ruling, announced that a continuance would be granted, but that the costs for the term would be taxed against the appellants. This seems to have been a condition on which the court would grant the continuance, and the appellants declined to accept it on these terms and went to trial, reserving a bill of exceptions. The ruling of the court is now assigned as error.

Under the facts on which the ruling was made, we deem it unnecessary to consider whether the ruling of the court on the question of diligence was correct, or whether the court properly exercised its discretion in ruling that the costs for the term should be taxed against the appellants as a condition on which the continuance could be granted. It was said in Burton v. Power, 4 Texas, 380: "Continuances on such terms as the court may think just to impose are common; and, whatever the terms may be, the party on which they are imposed has his election to take the continuance on the terms imposed or to reject it and go to trial; and if he does so, and the verdict is against him, and he believes the court erred in ruling him to trial when he had shown a good cause for continuance, he can have the judgment of the court, overruling his motion for a

continuance, revised on error or appeal, after moving the court below for a new trial on the ground of his being ruled to trial against his showing for a continuance." We are of opinion, however, that a party can not reject a continuance offered on terms, and take the chances of a verdict in his favor, and then ask a revision of the ruling of the court on the merits of his motion, if the judgment be against him; but if it be in his favor on final hearing had after a continuance granted on terms, we see no reason, if the question be properly saved, why this court on the question of costs, should not revise the ruling imposing costs as a condition on which a continuance was granted.

Four persons who were drawn as jurors stated, on examination as to their qualifications, that they had heard much about the case, and had formed an opinion as to the plaintiff's right to recover which it would require evidence to remove, but they stated that they thought they could decide the case according to the law and the evidence offered on the trial, and that they had no bias nor prejudice against either party to the action. The court held that these jurors were subject to challenge for cause, and they were challenged by appellee and set aside. The statute provides that "any person who has a bias or prejudice in favor of or against either of the parties" is not a qualified juror; and it also declares persons disqualified who have served as jurors in another case involving the same questions of fact. (Rev. Stats., art. 3011.)

In a case at the last Galveston term it was held that the bias or prejudice named in the statute did not relate solely to the person or persons parties to the action, but to the case as well. The statute further provides that "a challenge for cause is an objection made to a particular juror, alleging some fact which under the provisions of the first chapter of this title, disqualifies him to serve as a juror in any case, or in the particular case, or which, *in the opinion of the court, renders him an unfit person to sit on the jury.* (Rev. Stats., art. 3080.)

This statute shows that the court, trying a cause, may allow a challenge for cause on other grounds than those which are declared to render a juror disqualified in the particular case, and when this power, which must necessarily be discretionary in character, is exercised, it ought not to be reversed in any case unless it be made clearly to appear that thereby the party

complaining has been deprived of a trial by a fair and impartial jury. No such fact is made to appear in this case.

It is urged that the court erred in refusing to permit the appellants to read in evidence certain papers showing their right to construct the wall on the ground occupied by it. There was no error in this ruling, for there was no question involved as their rights there properly to construct the wall. The question was, whether they had so used property they had the right to use as to injure the appellee, and not as to their right to use it in a lawful manner.

The court excluded some interrogations propounded to two witnesses and their answers thereto, and this is assigned as error. An inspection of the record shows that the same witness had already testified to substantially the same facts, and, if the evidence was admissible, there is no reason to believe that the refusal of the court to permit a repetition could have affected the result; and especially so when a very large number of witnesses gave testimony on the same points, tending to prove the same fact.

It is urged that the court erred in refusing to give charges asked by appellanst. Every charge, asked and refused, was embraced in the charge given, in so far as they are shown to have had any application to the case made by the pleadings and evidence, and some of them were reiterated. As illustration the appellants asked the court to instruct the jury that "negligence is that want of care which ordinarily prudent men take under like circumstances." Almost every paragraph of the charge informed the jury that to authorize a recovery by the appellee, it must appear that the injury resulted from a failure of the appellants to use ordinary care in the construction of the wall. A part of the charge given was "you are further instructed that the defendants and their employes were bound to use such care and skill in the construction of said wall and placing said truss as persons of ordinary prudence would exercise under the same circumstances and surroundings, and if you find that the defendants did exercise such care and skill, and that said wall was thrown down, or caused to fall by reason of an extraordinary rain storm, such as could not have been anticipated, and by reasonable care guarded against, then you should find for the defendant." The charge given was applicable to the case made, and as correctly informed the jury as to the law of the

case as would the correct but abstract propositions asked.

About fifty witnesses testified on the trial, and th eevidence of almost all of them bears upon the question of proper construction of the wall, and the cause from which it fell. This evidence was conflicting, and we can not undertake to determine its preponderance. That has been passed upon by a jury under a proper instruction, and their finding is conclusive, there being ample evidence to justify it. The same is true as to the amount of damages awarded by the verdict.

There is no error in the judgment, and it will be affirmed.

*Affirmed.*