SOUTHERN KANSAS RAILWAY COMPANY OF TEXAS v. B. A. SAGE.

Decided April 21, 1906.

**1.—Juror—Challenge for Cause.**

The fact that a juror is prejudiced against a person who is to be an important witness for defendant is not a statutory ground of challenge for cause; but a challenge for this cause might properly be sustained in the discretion of the court, under art. 3298, of the Revised Statutes, making that a challenge for cause "which, in the opinion of the court, renders the juror an unfit person to sit on the jury."

**2.—Cause of Wreck—Expert Testimony.**

The testimony of a witness for defendant, who was qualified to testify as an expert, "that he failed to find, from examining the wreck, any cause which produced it, and that it often happened in railroading that wrecks occur, and a careful examination fails to disclose any cause for it, and the wreck in which plaintiff was injured was one of that kind," was not subject to the objection that it was irrelevant and immaterial, and should have been admitted.

**3.—Pleading of Defendant—Evidence.**

Where in a suit for personal injuries the defendant pleads contributory negligence on the part of plaintiff, testimony of the plaintiff tending to disprove the charge of contributory negligence is admissible under the pleading of the defendant, though not under that of plaintiff.

**4.—Exclusion of Testimony—When Harmless.**

Where it appears from the record that testimony excluded at one time during the trial was admitted at another, the error in the ruling of the court, if any, was harmless.

**5.—Charge of Court—Construction.**

The charge of the court should be considered and construed as a whole.

Appeal from the District Court of Roberts County. Tried below before Hon. B. M. Baker.

*J. W. Terry, H. E. Hoover* and *R. E. Taylor,* for appellant.—When it appears from the *voir dire* examination of a juror that his prejudice against a witness of the defendant is so great that he could not give proper weight to his testimony, he being an important witness for the defendant, and that to the extent that he disliked such witness, he might be influenced in his verdict against the defendant, such juror is not an unbiased juror, such as contemplated by statute, and it is error to over-rule a challenge to such juror for cause. Sayles' Statutes, arts. 3141, 3207 and 3208; Couts v. Neer, 70 Texas, 468; Houston & T. C. Ry. Co. v. Terrell, 69 Texas, 650.

Plaintiff having charged specific acts of negligence, could give evidence of no other act or omission on the part of defendant. Evidence of other acts than those charged in the petition as responsible for the wreck, which, from the evidence in the case, probably influenced the verdict of the jury, was error. Sayles' Statute, art. 2299, rule 5; Gulf, C. & S. F. R. R. Co. v. Beall, 43 S. W. Rep., 605; Gulf, C. & S. F. R. R. v. Rowland, 82 Texas, 170, and cases there cited; 13 Enc. P. & P., p. 908.

It being the contention of the defendant that the wreck was a risk incident to the employment of plaintiff, and the witness Starkweather, having shown sufficient experience in such matters, and having testified that he was present and helped clear up the wreck and had carefully examined the same as to the cause which had produced it, it was competent for the defendant to prove by said witness that he failed to find any cause which produced the wreck, and further that wrecks often occur and no cause could be discovered which produced them. Ethridge v. San Antonio & A. P. Ry. Co., 39 S. W. Rep., 204; Myers v. State, 37 Texas Crim. Rep., 333; Galveston, H. & S. A. Ry. Co. v. Pitts, 42 S. W. Rep., 255; Gulf, C. & S. F. Ry. Co. v. Richards, 83 Texas, 206; Galveston, H. & H. Ry. Co. v. Bohan, 47 S. W. Rep., 1050; Ft. Worth & D. C. Ry. Co. v. Thompson, 75 Texas, 503.

The law only requires of a railroad to exercise ordinary care to keep and maintain its track in a reasonably safe condition for the running of its trains thereon, and it is not the duty of the railroad company to keep and maintain its track in that condition, and it was error for the court to charge the jury that it is the duty of a railroad company to keep its roadbed in a reasonably safe condition for running its trains thereon, because the road is only charged with the duty of exercising ordinary care in this particular. San Antonio & A. P. Ry. Co. v. Robinson, 73 Texas, 277; International & G. N. Ry. Co. v. Welch, 86 Texas, 203; Baker et al. v. Ashe, 80 Texas, 360; Missouri, K. & T. Ry. Co. v. Rodgers, 89 Texas, 680.

*H. G. Hendricks, John W. Veale* and *C. Coffee,* for appellee.

STEPHENS, ASSOCIATE JUSTICE.—This is the second appeal in this case. (Southern Kan. Ry. Co. of Texas v. Sage, 80 S. W. Rep., 1038, and 84 S. W. Rep., 814.)

The first assignment reads: "The court erred in overruling and in refusing to sustain the defendant's peremptory challenge to the juror, Mim Smith, for the reasons and as will more fully appear from defendant's bill of exceptions No. 1." It distinctly appears from this bill of exceptions that appellant was not only permitted, but was *required* to eliminate this juror from the panel by a *"peremptory* challenge;" so that if taken literally the assignment would have to be overruled for not being sustained by the record. It appears, however, from the bill of exceptions that the juror was objected to on the ground of his being prejudiced against an important witness that appellant expected to use and did use on the trial. But no such ground of challenge for cause is found in our statute. The fourth subdivision of article 3141 makes "bias or prejudice in favor of or against either of the parties" a ground of disqualification, and the next preceding subdivision declares that "any person related by consanguinity or affinity within the third degree to either of the parties to the suit" shall be disqualified to serve as a juror. If, as appellant seems to contend, prejudice against an important witness for one of the parties amounts to prejudice against the party himself within the meaning of the fourth subdivision, then it would seem but logical to hold a juror to be disqualified under the third subdivision "as a person related" to one of the parties within the prohibited degree because he is related to his witness, which proves too much. The challenge might, however, we think, have been properly sustained under article 3208, making that a challenge for cause to a particular juror "which, in the opinion of the court renders him an unfit person to sit on the jury." But such ground of challenge would involve the exercise of judicial discretion, and unless abuse of such discretion be shown and it be "made clearly to appear that thereby the party complaining has been deprived of a trial by a fair and impartial jury," the case cited by appellant of Couts v. Neer, 70 Texas, 468, from which we have just quoted, would itself seem to be sufficient authority for overruling the assignment. No abuse of discretion is shown, and the only injury complained of is that appellant was forced to exhaust his peremptory challenges in order to get rid of Smith as a juror, and in consequence thereof was forced to accept another juror it would have challenged peremptorily, but who, for aught that appears, was fair and impartial.

Numerous rulings on the admission and exclusion of testimony are complained of in appellant's brief, in assignments second to fourteenth, all of which have received careful and patient consideration, but while all must be overruled only those will be discussed which we have found more or less difficult to dispose of.

We quite agree with appellant, as alleged in the eleventh assignment, that "the court erred in refusing to permit the defendant to prove by the witness G. C. Starkweather that he failed to find, from examining the wreck, any cause which produced it, and that it often happens in railroading that wrecks occur and that a careful examination fails to disclose any cause for it, and the wreck in which the plaintiff was injured was one of that kind." The objection offered to this testimony was, that it was "irrelevant and immaterial." Whatever other objection the latter portion of it may have been subject to, the testimony as a

whole was certainly neither irrelevant nor immaterial, which was the only objection made, and which therefore excluded all others. This witness, who seems to have had considerable experience in the examination of railroad wrecks, made a careful examination of the wreck in question immediately after it occurred. No reason is perceived, therefore, why he was not permitted to at least state that he failed to find the cause of the wreck, especially as two other witnesses offered by appellant and similarly situated were permitted to so testify. However, it appears from stenographer's notes (page 163) that his examination of the wreck included first of all an inquiry of the train crew as to the cause thereof, though the objection made did not point this out. But whether this ruling, though erroneous, necessitates a reversal of the judgment is another question. The material inquiry was, not so much whether the witness had or had not been able to trace the cause of the wreck as whether it had been caused by the alleged defective condition of the track, and as to this he was permitted, after fully describing what he saw, to give his opinion and testify that he did not think the condition of the track caused the wreck, as will be seen from the following quotation from the stenographer's notes: "Q. I will ask you if when you got there that day and made your examination of this wreck, and while you were clearing up the wreck, if you found any cause for the wreck? A. It would be a supposition on my part to say what caused the wreck. Q. Do not give your suppositions, but I will ask you this question: Do you think the condition of the track caused the wreck. A. I do not think it did." We are therefore of opinion that appellant was really not deprived of any substantial benefit by the ruling complained of and that it should not therefore work a reversal of the judgment.

The evidence of appellee, which was admitted over objection, set out in the fifth assignment as follows, "that in making the run from Canadian with his train, as it was backing up, he had the second engine, and engineer Zook had the forward engine; that Zook had charge of the air and full control of the train; that he was not allowed to use the air and had no management or control over the train and that he could not use his air, except on a signal from Zook," was not relevant, perhaps, to any issue tendered in his petition, but as the answer tendered the issue of contributory negligence, charging him with backing up the train at a dangerous rate of speed, appellant is not in position to claim a reversal of the judgment because of the admission of this testimony.

In the eighth assignment complaint is made of the court's refusal to permit appellant to prove by Dr. Gun, a witness for appellee, that "a failure to use an arm for three or four years would cause it to become atrophied, shrunken and of little use, and much in the same condition in which he found the plaintiff's arm;" but near the bottom of the sixty-second page of appellant's brief, under another assignment, we find this statement: "Dr. Gun, the plaintiff's witness, who had examined him for the sole purpose of testifying in the case, reluctantly admitted that non-use would practically destroy a muscle." From the stenographer's transcript (page 63) it appears not only that appellant received the full benefit of the excluded evidence but also that counsel for appellee finally withdrew the objection first made and sustained, which explains the seeming inconsistency.

Passing over without comment the fifteenth assignment, complaining of the argument of counsel, to which we find no serious objection, we come to assignments sixteenth to twenty-sixth, which complain of the action of the court in giving and refusing charges. All those complaining of the court's refusal to give charges are overruled, because the charge given sufficiently covered every material issue raised by the pleadings and evidence. As to those complaining of the different paragraphs of the charge, it is perhaps sufficient to say that the charge given on the former trial seems to have been copied on the last, except what was condemned by the opinion of the Supreme Court on writ of error. Some objections are now presented, however, which do not seem to have been urged on the former appeal (the record being now in the Supreme Court), and as the judgment was affirmed by this court there was no occasion to consider objections not made, as there perhaps would have been had the judgment been here reversed and the cause remanded for a new trial. Inasmuch as the charge was copied in full in our opinion on the former appeal, and inasmuch as the cause was remanded for a new trial by the Supreme Court, with the charge thus brought conspicuously to their attention, the trial court doubtless felt justified in concluding that, except insofar as it was criticised, it received the approval of the Supreme Court and might safely be given on another trial. But however this may be, after carefully considering these new objections to the charge, we have finally concluded that they should all be overruled; for, while some of them may seem to be well taken when confined to the particular paragraph objected to, nevertheless, when all the paragraphs are read together none of the objections seem to be tenable. To illustrate: the seventh paragraph, which is identical with the tenth on the former appeal (80 S. W. Rep., 1040), is objected to on two grounds: first, because it imposed on the railway company the duty of keeping its roadbed in a reasonably safe condition for running its trains thereon, when it "is only charged with the duty of exercising ordinary care in this particular;" and second, because the charge gave undue prominence to the obligation of the railway company to keep its track in a reasonably safe condition, rather than to use ordinary care to see that it is kept in such condition. The latter objection was made and disposed of on the former appeal, but the former, does not seem to have been. But it will be seen that the issue submitted in paragraph seven on the last trial and paragraph ten on the first, was the issue of assumed risk, as to which no proposition is submitted under the assignment, and not the issue of appellant's obligation either to keep its roadbed in a reasonably safe condition, or to exercise ordinary care to do so, which issue had been distinctly, fully and correctly submitted in preceding paragraphs, one of which was referred to by number in the paragraph in question. Not only so, but the court had pointedly instructed the jury in another of the preceding paragraphs that if they found from the evidence that appellant had "exercised ordinary care in keeping and maintaining its railway track at the point where the wreck occurred" in a reasonably safe condition for the purpose of running trains thereon, it was entitled to a verdict, "notwithstanding the fact that the train was wrecked, and that the plaintiff received injuries by reason thereof." Not even in the paragraph criticised was the duty of the railway com-

pany referred to as one to keep its track absolutely safe but only "in a reasonably safe condition," which is not too much to expect of one exercising proper care in operating a railway.

The remaining assignments complain of the court's refusal to grant a new trial, both because of the insufficiency of the evidence to warrant a recovery, and because the amount of the verdict was excessive; but we are unable to sustain any of these assignments, the case, as on former appeal, being one of conflicting evidence on both issues.

The judgment is therefore affirmed.

*Affirmed.*

Writ of error refused.