**TEXAS & P. RY. CO. v. PHELPS.**
(No. 3309.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 15, 1926. Rehearing Denied Dec. 23, 1926.)

New trial ⬤143(1)—Jurors' testimony as to prejudice of one of them against negro's testimony held to justify granting new trial to negro plaintiff.

Juror's testimony, at hearing on motion for new trial, after judgment on verdict against negro plaintiff, whose testimony and that of two other negroes was opposed by testimony of two white men, that he thought all negroes would lie and went to jury room with feeling that he would take a white man's evidence in preference to negro's, and other jurors' testimony as to statements by him to such effect held to justify granting of motion.

Appeal from District Court, Harrison County; P. O. Beard, Judge.

Action by Martin Phelps against the Texas & Pacific Railway Company. Judgment for defendant. From an order granting plaintiff a new trial, defendant appeals. Affirmed.

Appellee was a helper to other employees of appellant working in its shops at Marshall. He was injured in his person while assisting in moving a metal sheet 6 feet long and 5 feet wide, weighing 800 or 900 pounds This suit for damages was commenced and prosecuted by him on the theory that the injury he suffered was due to negligence of appellant, in that the crane it furnished for use in moving the metal sheet was defective, and to negligence of one of his fellow employees in operating the crane.

Appellee was a negro. At the trial appellee's testimony as a witness and that of two other negroes who testified on his behalf tended to prove negligence, as charged by him, while the testimony of another negro and two white men on behalf of appellant tended to disprove such negligence. The jury having found in appellant's favor on the issues as to negligence, judgment was rendered that appellee take nothing by his suit and in appellant's favor for costs.

It appeared from testimony in support of appellee's motion for a new trial on the ground of misconduct of the jury, that one Everitt, who served as a juryman, answering questions propounded to him by appellee's counsel for the purpose of testing his qualifications as a juror, indicated that he had no bias or prejudice against negroes or the negro race that would prevent him from believing testimony of appellee and his two negro witnesses. It appeared from said Everitt's testimony at the hearing on said motion that he thought all negroes would lie, and, when he went into the jury room to consider the case, it was with a "feeling that he would take a white man's evidence in preference to a negro's," unless he knew the "white man was disreputable." It appeared from the testimony of other jurors that after the jury had retired to the jury room, and while they were considering special issues the court had submitted to them, said Juror Everitt, among other things, said he "had had a great deal of experience with negroes," and that, knowing negroes as he did he "would not take a negro's testimony against a white man's testimony"; and further, that he "could not go back on a white man for a negro's testimony; it didn't matter what he swore; he could not go back on a white man for a negro."

The appeal is from the order of the court granting appellee a new trial as prayed for.

Bibb & Caven, of Marshall, for appellant.
S. P. Jones, of Marshall, for appellee.

WILLSON, C. J. (after stating the facts as above). In Ry. Co. v. Sage, 43 Tex. Civ. App. 38, 94 S. W. 1074, it was held that the provision in the statute (article 2134, R. S. 1925) disqualifying a person as a juror who is biased in favor of or prejudiced against a party to the suit could not be treated as authority for holding a person biased in favor of or prejudiced against a witness in a case to be disqualified as a juror therein. It was held further, however, that under article 2144, R. S. 1925, prejudice against a witness would be sufficient cause for sustaining a challenge to a proffered juror, if the court was of the opinion that the prejudice was such as rendered such juror "an unfit person to sit on the jury."

In Makey v. Dryden (Tex. Civ. App.) 128

S. W. 633, where two of the defendants were negroes, the Juror Chapman and the other jurymen were asked on their voir dire examination if they had any such prejudice against the negro race, "as would influence them in their deliberations as jurors in arriving at their verdict." Chapman and the other jurymen made no answer to the question, thereby indicating that they entertained no such prejudice, but, in the jury room while the jury were considering the case, Chapman declared, referring to the position of a juror who did not agree with him as to the effect of the testimony, that:

"It was a strange kind of a white man that would believe a nigger before he would a white man."

In holding that it was error not to grant a new trial because of the prejudice of the juror, the court said that Chapman's statement showed "beyond question [quoting] that he was prejudiced against the negro race to such an extent that he would not believe what a negro said when opposed to the statement of any white man," and added:

"If this is not prejudice against the race, we are at a loss as to what name to give it. It demonstrated his unfitness or inability to give defendants that fair trial which the law contemplates and seeks to accord to every person, black or white. This juror, instead of disclosing this prejudice when examined, as he should have done, suppressed it. That he would have been excluded from sitting on the jury had he disclosed it, no one can doubt for a moment."

We think the rulings made in the cases cited are correct, and that same furnish ample support for the action of the court granting appellee a new trial.

The judgment is affirmed.