**PRESTON et al. v. OHIO OIL CO. et al.**

No. 1856.

Court of Civil Appeals of Texas. Eastland.

Nov. 18, 1938.

Rehearing Denied Dec. 9, 1938.

Jones & Jones, of Marshall, for appellants.

Abney & Caven, of Marshall, for appellees.

FUNDERBURK, Justice.

Mrs. Maggie Preston, and others, brought this suit—an action of trespass to try title—against Ohio Oil Company, Grace Haggard Barnes, a feme sole, and G. T. Haggard, individually and as trustee and/or attorney-in-fact for Grace Haggard Barnes, to recover a 14.97 acre tract of land in Marion County.

Plaintiffs specially pleaded title by limitation under the ten and twenty-five years' statutes. The defendants, in addition to a general exception, general denial and plea of not guilty, pleaded title by limitation under the 4, 3, 5, 10 and 25 years' statutes. Upon a jury trial, a single special issue was submitted, which, with the verdict thereon, was as follows: "Do you find from a preponderance of the evidence that the plaintiffs and/or those under whom they claim, in person or by tenant or tenants, have had peaceable and adverse possession of the land outlined in blue between points 1, 2, 3, and 4 on Exhibit No. 1, using or enjoying the same for any period of ten years prior to November 4, 1936, the date of the filing of plaintiffs' suit? (Answer 'Yes' or 'No') Answer No." From the judgment for defendants, rendered in accordance with the said verdict, plaintiffs have appealed.

G. T. Haggard, named in Plaintiffs' Petition as a defendant "individually and as trustee and/or attorney-in-fact for Grace Haggard Barnes," answered, along with the other defendants, by general demurrer, general denial, not guilty and pleas of limitation, as aforesaid. He filed no character of disclaimer. According to recitals of the judgment, he appeared in person and by attorneys. The judgment awarded him, with the other defendants, recovery of the costs of suit. We conclude that he was a real party to the suit, and not merely a nominal party.

On the panel from which the jury was selected, was W. T. Gillespie, who was juror No. 15 on the list. On voir dire examination he stated that he at the time he was being questioned, and had been for sometime prior thereto, employed by said G. T. Haggard, one of the defendants, who conducted a furniture store and undertaking business in the city of Jefferson; that he knew nothing about the case; had not discussed it and could and would try the case fairly and impartially between the parties and would not be influenced by the fact that he was in the employ of G. T. Haggard, though he preferred not to serve as a juror in the case. That the terms of his contract of employment with Haggard were such that he could be discharged at will. Interrogated as to why he preferred not to serve as a juror, he stated he had no particular reason but preferred not to serve. He further stated that he was dependent upon his employment for his living. Upon those facts, plaintiffs challenged said juror for cause, which challenge the court overruled and plaintiffs excepted.

The action of the court in overruling the said challenge of the juror, for cause, was assigned by plaintiffs as a ground of their motion for a new trial. As supporting such ground of the motion for new trial, it was shown by evidence that plaintiffs exercised their full six legal peremptory challenges, one of which being used upon said juror Gillespie, leaving on the list another objectionable juror by the name of Meredith, who would have been peremptorily challenged but for having to use one of their challenges on Gillespie, deemed at the time to have been the more objectionable of the two. On the hearing the juror Meredith admitted to entertain-

ing opinions and having made statements showing at least that it was very questionable whether he was an entirely unprejudiced and impartial juror.

Whether the juror Gillespie was subject to challenge for cause, as a matter of law, and/or whether it was material error for the court to overrule the challenge in the first place, or having done so, to overrule plaintiffs' motion for a new trial upon the evidence offered in support thereof, constitutes the important question, or questions, upon this appeal.

■ The decision of the question involves a consideration of certain provisions of the 1925 Revised Civil Statutes as follows:

"Art. 2134. The following persons shall be disqualified to serve as jurors in any particular case: * * *

"2. Any person interested, directly or indirectly, in the subject matter of the suit. * * *

"4. Any person who has a bias or prejudice in favor of or against either of the parties."

"Art. 2144. A challenge for cause is an objection made to a juror, alleging some fact which by law disqualifies him to serve as a juror in the case or in any case, or which in the opinion of the court, renders him an unfit person to sit on the jury. Upon such challenge the examination is not confined to the answers of the juror, but other evidence may be heard for or against the challenge."

"Art. 2148. Each party to a civil suit shall be entitled to six peremptory challenges in a case tried in the district court * * *."

A good statement of the question at issue would be: Is an employee of a party to a civil suit, especially one who may be discharged at will, and who is dependent upon such employment for his living, as a matter of law, "a person interested directly or indirectly in the subject matter of the suit", and/or "a person who has a bias or prejudice in favor of or against a party to the suit?" All authorities seem to agree that by the common law a person in the employment of another was incompetent as a juror in the suit to which the employer was a party. 35 C.J. 322, sec. 338; 16 R.C.L. 273, sec. 90; Crawford v. United States, 212 U.S. 183, 29 S.Ct. 260, 53 L.Ed. 465, 15 Ann.Cas. 392; Houston & T. C. R. Co. v. Smith, Tex.Civ.App., 51 S.W. 506; Galveston H. & S. A. R. Co. v. Thornsberry, Tex.Sup., 17 S.W. 521. In this State, the common law of England, so far as not inconsistent with the Constitution and Laws of this State, was long ago adopted, along with said Constitution and laws as the rule of decision, to continue in force until altered or repealed by the Legislature. R.S.1925, Art. 1.

■ A question preliminary to the main question is: Has the Constitution, or any statute of this State, altered or repealed the said provision of the common law disqualifying the servant, or employee of a party to a suit, to serve as a juror therein? If there has been any such repeal or alteration, it has been done by implication only. It is an elementary rule that repeals by implication are not favored. Undoubtedly, we think, that if there has been any repeal or alteration of said common law rule, it is to be found in the statutes above quoted. We are of the opinion that said statutes are reasonably susceptible of a construction to the effect that they, in sub-paragraphs 2 or 4, or both, embrace said common law rule.

The main question was decided in Houston & T. C. R. Co. v. Smith, Tex.Civ.App., 51 S.W. 506, in which a writ of error was refused by the Supreme Court. In the opinion in that case, Judge Finley for the court, speaking of the several provisions of the statute, the material parts of which are above set out, said [page 508]: "Each of these statutory disqualifications is a disqualification at common law, *and the statute seems to be but declaratory of the common law.* * * * Mr. Blackstone treats the fact that the juror 'is the master, servant, counsellor, steward, or attorney' as conclusively showing favor, and as ground for principal challenge. In [Central] R. Co. v. Mitchell, 63 Ga. 173, the court says: 'The power of employer over employé is that of him who clothes and feeds over him who is clothed and fed. Hence the common law excluded all servants, and our statutes have nowhere altered the rule, and it should not be altered. A close relative is a less dangerous juror, if not a dependent kinsman, than one who is dependent on his employer.' * * * *The language of our statute should be construed to embrace such disqualification, and we so construe it.*" (Italics ours) It is to be observed that the court thus construed present Article 2134 wholly independent of the provisions of Article 2144. In other

words, the disqualification was held to consist of a fact "which *by law* disqualifies him to serve as a juror in the case", as provided in said Article 2144, and not a fact "which in the *opinion* of the court, renders him an unfit person to sit on the jury" as otherwise provided in said article. (Italics ours) The decision in Houston & T. C. R. Co. v. Smith, supra, which has certainly never been expressly overruled in this State, is supported by very eminent authority. In 16 R.C.L. p. 273, sec. 90, it is said: "In general the authorities hold that a very insignificant interest in the result of an action, and frequently a very trifling relationship to one of the parties, is sufficient to disqualify a person from sitting as a juror. * * * On the basis of interest the relation of employer and employee between a party to an action and a talesman is sufficient ground for a challenge for cause; and this was the rule at common law." Upon this point Corpus Juris says: "One who is in the employ of one of the parties was incompetent at common law and is generally so regarded at the present time." 35 C.J. p. 322, sec. 338. Among the cases cited as supporting the text is said Houston & T. C. R. Co. v. Smith, supra. Texas Jurisprudence says: "'Any person interested, directly or indirectly, in the subject matter of the suit' is disqualified. Thus an employee of a party or a tenant on the land involved in the action is disqualified." 26 Tex.Jur. p. 738, sec. 170.

Upon this question it is well to note the trend of judicial decision and to inquire whether the trend is away from, or toward, the view that a servant or employee of a party to a suit is legally disqualified as a juror. Ruling Case Law says: "The great trend of modern authority is to exclude from juries all persons who by reason of their business or social relations, past or present, with either of the parties, could be susceptible of possible bias, even though a particular status or relation is not enumerated in the various state statutes, most, if not all, of which are said to be merely declaratory." 16 R.C.L. p. 276, sec. 93. For other authorities see Hufnagle v. Delaware & Hudson Co., 227 Pa. 476, 76 A. 205, 40 L.R.A.,N.S., 982, and note, 19 Ann.Cas. 850; Crawford v. United States, supra.

It remains to consider whether the decision in Houston & T. C. R. Co. v. Smith, supra, was contrary to decisions of the Supreme Court, or has been overruled or materially modified by subsequent decisions. Only two decisions by the Supreme Court, or having the approval of the Supreme Court, are relied upon to support the court's action now under review. They are Galveston H. & S. A. R. Co. v. Thornsberry, supra, an opinion by the old Commission of Appeals, and Couts v. Neer, 70 Tex. 468, 9 S.W. 40, opinion by Judge Stayton for the Supreme Court.

In Galveston H. & S. A. R. Co. v. Thornsberry, supra, two jurors had been challenged for cause, the alleged fact of disqualification being that they were employees of the defendant. The challenge was sustained and the court's action upheld in said opinion. The opinion expressly recognized the common law rule and in no way indicated that it was not applicable and controlling. The opinion clearly implies that if the common law rule was not embraced in the provisions of Art. 3012 (now art. 2134 above quoted), as to which no opinion was expressed, the fact of the disqualification of the jurors had been determined by the opinion of the court under the authority of Art. 3080 (now art. 2144 above quoted). Manifestly that was a complete answer to the contention of the appellant then before the court, or in other words, it was unnecessary for the court to decide whether Art. 3012 (now art. 2134), *as a matter of law,* provided that the jurors were disqualified, since if not, then the question had been determined by the opinion of the court under the other statutory provision. A further reason why it was unnecessary to decide said question was, to use the language of the court, that "the bill of exceptions discloses the fact that neither of the parties had exhausted their peremptory challenges, one remaining to each when the jury was formed." 17 S.W. 522. Thus there was a complete and affirmative showing from the record that even if the court had erred in sustaining the challenges it was harmless error.

In Couts v. Neer, supra, the facts of the alleged disqualification of four of the jurors were "that they had heard much about the case, and had formed an opinion as to the plaintiff's right to recover which it would require evidence to remove; that they stated that they thought they could decide the case according to the law and the evidence offered on the trial, and that they had no bias or preju-

dice against either party to the action." [Page 41.] The trial court held the jurors disqualified. It was that action, and the question of its correctness, which the Supreme Court had under review. In that case, as later in Galveston H. & S. A. R. Co. v. Thornsberry, supra, there was obviously no necessity for the court to decide whether the fact alleged to constitute the disqualification was such *as a matter of law,* under Art. 3012 (R.S.1879, being R.S.1925, Art. 2134) since, if it were not, still under provision of Art. 3080 (R.S. 1879, same as R.S.1925, Art. 2144) as said in the opinion, "The court trying a cause may allow a challenge for cause on other grounds than those which are declared to render a juror disqualified in the particular case, and when this power, which must necessarily be discretionary in character, is exercised, it ought not to be revised in any case unless it be made clearly to appear that thereby the party complaining has been deprived of a trial by a fair and impartial jury." The decision by fair implication supports the view that a disqualification under Art. 2134 does not involve a matter of discretion as is the case of "some fact * * * which in the opinion of the court renders" a juror "an unfit person to sit on the jury" as provided in said Art. 2144. Had the trial court in that case, instead of sustaining the challenge, overruled it, and the other party had presented that action for review, the court would have had the same question now before us.

In the Court of Civil Appeals case of Sellers v. Galveston H. & S. A. R. Co., 208 S.W. 397, the trial court, as in said two other cases, sustained the challenge to a juror for cause on the ground that he was an employee, not, however, of a party to the suit, but of a corporation subsidiary to a corporation of which the party to the suit was another such subsidiary. The question now at issue was not there involved.

The other case of Stone v. Pettus, 47 Tex.Civ.App. 14, 103 S.W. 413, relied on by defendants, dealt with a question of disqualification of a juror on the alleged ground that he was not sufficiently educated to be able to calculate the interest upon the notes involved in the suit. The court held that such a ground was not within any of the disqualifying provisions of the statutes; and then reasserted what had been held in Couts v. Neer, supra. The decision is deemed no authority at all upon the question now under consideration.

■ Under the facts as they were developed in the motion for new trial, the action of the court in overruling the challenge for cause, had the practical effect of partially denying the plaintiffs' statutory right to six peremptory challenges. While the statute clearly confers the right to six peremptory challenges, the action of the court in practical effect limited them to only five peremptory challenges, since in view of the contention as to Gillespie's disqualification, it was necessary that one of their peremptory challenges be exercised upon him, leaving only five to be exercised upon others; whereas, if the court had sustained the challenge for cause, the full six peremptory challenges could have been exercised upon others. These facts disclose, we think, that the action of the court, if error, as we have concluded, was material error, which is to say, error of a nature reasonably calculated to prejudice a legal right of the plaintiffs, and, therefore, in the absence of a showing by the record, beyond a reasonable doubt, that it was harmless, will be presumed to have been prejudicial.

Many statements in earlier decisions are to be found to the general effect that since the record does not disclose that an error was prejudicial to a party appealing the case will not be reversed. That, it is believed, was an unsound proposition of law. The principle was repudiated by the Supreme Court in Missouri K. & T. R. Co. v. Hannig, 91 Tex. 347, 43 S.W. 508. Later the true rule, as above stated, was declared in Bell v. Blackwell, Tex.Com.App., 283 S.W. 765.

■ Almost any character of error, and regardless of the degree of its materiality, may be harmless; but if the error be material so as to give rise to a presumption of its prejudicial effect, the burden is properly upon the party in whose favor such error is committed to demonstrate by the record that it was in fact harmless. Williams v. Rodocker, Tex.Civ.App., 84 S.W.2d 556. The action of the court in overruling a challenge to a juror in a particular case whose disqualification is under the undisputed facts declared by law must be deemed material, we think, in that it is reasonably calculated to deprive the challenging party of the legal right to six peremptory challenges, by being forced to use

one of them upon the challenged juror. If the record shows affirmatively that it had no such effect, that fact may be set forth as determining that the error was harmless.

Whether this proposition be under all circumstances sound or not, we think it is certainly true that when the facts are shown upon motion for new trial, that the erroneous action of the court in fact had such effect, then the court would be in error in refusing to grant a new trial upon that ground.

It is suggested by the defendants that the evidence established conclusively the issue of limitation in their favor. This, if true, would show that the error of the court was harmless. The burden of making that showing we hold to be upon the defendants by way of answer to the contentions of the plaintiffs upon this appeal. The fact that the issue was submitted to the jury gives rise to the presumption that the evidence raised an issue of fact, and not of law. It is not shown, certainly not conclusively, that the issue of limitation was so conclusively established in favor of the defendants as not to require submission to the jury.

Our conclusion is that because of the error of the court discussed, the judgment should be reversed, and the cause remanded. It is accordingly so ordered.