**FRANCONE et al. v. SOUTHERN PAC. CO.**

**No. 10986.**

Circuit Court of Appeals, Fifth Circuit.

Nov. 28, 1944.

Rehearing Denied Jan. 13, 1945.

Dan Abbott, of Abilene, Tex., for appellants.

Eugene R. Smith and Maury Kemp, both of El Paso, Texas, for appellee.

Before SIBLEY, HOLMES, and McCORD, Circuit Judges.

HOLMES, Circuit Judge.

This appeal is from a judgment for the defendant, entered upon the verdict of a jury, in a suit to recover damages for personal injuries. The decisive question presented is whether the trial court committed reversible error in disallowing two of appellants' challenges for cause in the selection of the jury.

The record discloses that two of the jurors on the panel presented to the plaintiffs were employees of the defendant, Southern Pacific Company. A timely challenge for cause was made by the plaintiffs, grounded upon this employment relationship; but the court declined to excuse the jurors, holding that they were not disqualified by reason thereof. These jurors then were peremptorily challenged by the appellants who, in the course of selecting the jury, exhausted all of their peremptory challenges. The trial proceeded, and resulted in a verdict and judgment for the defendant.

Upon motion for a new trial filed by appellants, they alleged and offered to prove that, among the jurors who tried the case, there were others that were objectionable to them and upon whom they would have used their peremptory challenges if the court had not, by its erroneous ruling upon their challenges for cause, forced them to use two of their peremptory challenges upon jurors who were employees of the appellee.

Appellee contends that the ruling of the trial court was not erroneous, and that, if it was, no harm resulted to appellants for the reasons that the challenged jurors did not sit upon the trial, that appellants did not attempt to challenge any of the jurors who tried the cause, and that in any event the appellee was entitled to a directed verdict upon the evidence submitted.

Since the passage of an act of Congress, approved July 20, 1840, the federal courts, with exceptions not relevant here, have applied the laws of the state where the court was sitting with respect to the qualifications of jurors in both civil and criminal cases.[1] Under the common law, for sound and obvious reasons, a person in the private employment of another was incompetent as a juror in a suit to which the employer was a party.[2] The law upon the subject was stated by Blackstone in this language:

"A principal challenge is such where the cause assigned carries with it prima facie evident marks of suspicion either of malice or favour; as, that a juror is of kin to either party within the ninth degree; that he has been arbitrator on either side; that he has an interest in the cause; that there is an action depending between him and the party; that he has taken money for his verdict; that he has formerly been a juror in the same cause; that he is the party's master, servant, counsellor, steward, or attorney, or of the same society or corporation with him; all these are principal causes of challenge; which, if true, cannot be overruled, for jurors must be omni exceptione majores." [3]

The State of Texas by statute adopted this rule of the common law in 1840, and its courts have since adhered consistently to it.[4]

Since the challenges for cause should have been sustained, the question remains whether the court's error in its ruling thereon was prejudicial to the appellants. Upon this question, too, the Texas jurisprudence holds to the general rule that the right of peremptory challenge is a substantial right, and a denial thereof is a material error that requires reversal of the case unless the party in whose favor the error is committed proves beyond a reasonable doubt that the error was harmless.[5]

[1] Act of July 20, 1840, 5 Stat. 394, Sec. 275, Judicial Code, 28 U.S.C.A. § 411; Sawyer v. United States, 202 U.S. 150, 26 S.Ct. 575, 50 L.Ed. 972, 6 Ann.Cas. 269.

[2] Crawford v. United States, 212 U.S. 183, 29 S.Ct. 260, 53 L.Ed. 465, 15 Ann. Cas. 392.

[3] 3 Bl.Comm. 363.

[4] Houston & T. C. R. Co. v. Smith, Tex. Civ.App., 51 S.W. 506; Preston et al. v. Ohio Oil Co., Tex.Civ.App., 121 S.W.2d 1039; Art. 1, Vernon's Annotated Texas Statutes.

[5] Bell v. Blackwell, Tex.Com.App., 283 S.W. 765; Preston v. Ohio Oil Co., Tex. Civ.App., 121 S.W.2d 1043.

The erroneous ruling of the court in effect reduced by two the number of peremptory challenges available to the appellants, and the remainder of the challenges were exhausted. The right to challenge peremptorily may be exercised upon reason, whim, or caprice, and there is no proof whatsoever to establish that appellants would not have exercised additional peremptory challenges if their right to do so had not been denied them by the court.

No appeal was taken from the denial of appellee's motion for a directed verdict, and none could have been taken therefrom because, without having been so directed, the jury returned a verdict in favor of appellee. Therefore, no harm resulted to appellee from the court's refusal to grant a directed verdict in its favor; but appellee claims that such directed verdict should have been given, and, therefore, appellants were not harmed by having been denied the peremptory challenges that the law allowed them, because no jury would have been permitted to return a verdict in their favor. In other words, the claim is that but for the latter error the former error would have been harmless. Without conceding the correctness of this argument, at the instance of appellee we have examined the evidence to determine whether the proof made out a case for determination by the jury. The suit was for personal injuries sustained by Mrs. Sally Francone when the automobile she was driving was struck by appellee's locomotive at a crossing in Richmond, California, on the night of February 20, 1942. Appellants' proof upon the issue of liability consisted of the testimony of Mrs. Francone, and Mrs. Evelyn Upshaw who was a passenger in the car when the accident occurred. These witnesses testified in substance as follows:

When they approached the crossing, the car was in good driving condition and its bright headlights were burning. They noticed that the wig-wag warning sign was in operation; and Mrs. Francone stopped the car before reaching the tracks. She rolled down her window, and both witnesses looked in both directions and listened. Neither saw or heard anything, but if a locomotive had been approaching with its headlight burning, they would have seen it; and if a bell had been ringing or a whistle blowing, they would have heard it. Mrs. Francone then proceeded to cross the three parallel tracks of the railroad at their intersection with the highway. When the car was upon the middle track, the locomotive, moving without any headlight and giving no warning, suddenly came out of the darkness and crashed into the side of the car before any move could be made to avoid the collision. Mrs. Francone also testified that she was familiar with the crossing and that the wig-wag signal was often in motion when no train or locomotive was moving at or near the crossing, and when no hazard to vehicular traffic was present.

This testimony was contradicted, but, if believed by the jury, it would show compliance by Mrs. Francone with the California law, which governs here; and the court properly overruled the motion for a directed verdict.[6]

The judgment appealed from is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

---

[6] Sec. 575(a), Vehicle Code of the State of California, St.1935, p. 189.